IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

BRENT WILLIAM JACOBY, #291 560,    )
                                   )
    Plaintiff,                     )
                                   )
v.                                 )    CIVIL ACTION NO. 2:19-CV-1067-WHA
                                   )
OFFICER LANIER, *et al.*,          )
                                   )
    Defendants.                    )

# ORDER

Plaintiff is an indigent state inmate incarcerated at the Elmore Correctional Facility in Elmore, Alabama. He filed this 42 U.S.C. § 1983 action alleging that correctional officers at the Elmore Correctional Facility deprived him of his property, pepper sprayed him on November 20, 2019, while he was engaged in an altercation with another inmate, and used excessive force against him on November 21 and 23, 2019.[1]

The United States Magistrate Judge entered a Recommendation that, because of Plaintiff's accumulation of three strikes under 28 U.S.C. § 1915(g), his request for leave to proceed *in forma pauperis* should be denied and the complaint dismissed without prejudice for his failure to pay the filing and administrative fees upon his initiation of this case. Doc. 3. The Magistrate Judge specifically determined that Plaintiff was not "under imminent danger of serious physical injury"

---

[1] The Clerk stamped the complaint "received" on December 20, 2019. Plaintiff, however, states he placed the complaint in the prison mailbox on December 8, 2019. Doc. 1 at 11. Thus, this is the earliest date he could have placed the complaint in the prison mail system. A pro se inmate's complaint is deemed filed the date he places it in the prison mail system for delivery to the court. *Houston v. Lack,* 487 U.S. 266, 271–72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340–41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). The court therefore considers December 8, 2019 as the date of filing.

at the time he filed this action to meet the exception to application of 28 U.S.C. § 1915(g). Doc. 3 at 3.

The court has made an independent and *de novo* review of the record and Plaintiff's objections to the Recommendation. Doc. 7. In his objections, Plaintiff challenges the cases relied on to find him in violation of § 1915(g), and claims he is "in imminent danger" because of assaults committed against him prior to filing this action and injuries suffered in these assaults. Plaintiff also asserts general and conclusory allegations regarding his life being in danger on a daily basis while in prison.

As set forth in the Recommendation, Plaintiff has accumulated at least three strikes under § 1915(g) where court records demonstrate that, while incarcerated or detained, he as on at least three occasions had civil actions **or** appeals dismissed as frivolous, malicious, for failure to state a claim, or for asserting claims against defendants immune from suit under 28 U.S.C. § 1915. Because Plaintiff has previously had more than three complaints and/or appeals dismissed as frivolous[2] and because Plaintiff has not demonstrated that he meets the "imminent danger of serious physical injury" exception so he may circumvent the procedural bars in 28 U.S.C § 1915(g), this action is barred by operation of 28 U.S.C. § 1915(g). *See Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that a "prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed *in forma pauperis* pursuant to the imminent danger exception to the statute."); *O'Connor v. Sec'y, Fla. Dept. of Corr.,*

---

[2] The cases on which the Magistrate Judge relied to find a violation of § 1915(g) included: (1) *Jacoby v. Buncombe County Drug Treatment Program,* Civil Action No. 1:09-CV-304-GCM (W.D. N.C. 2009) (dismissing complaint for failure to state a claim); (2) *Jacoby v. Jones,* Civil Action No. 2:15-CV-543-MHT (M.D. Ala. 2018) (dismissing appeal of case as frivolous); (3) *Jacoby v. Thomas,* Civil Action No. 2:15-CV-367-MHT (M.D. Ala. 2018) (dismissing appeal of case as frivolous); and (4) *Jacoby v. Jones,* Civil Action No. 2:15-CV-849-WKW (M.D. Ala. 2016) (dismissing appeal of case as frivolous) (the undersigned notes the Magistrate Judge inadvertently referenced the decision date as 2018).

732 F. App'x 768 (11th Cir. 2018) (explaining that for a prisoner to demonstrate that he comes within the imminent danger exception, he must provide "specific" facts which demonstrate that when his complaint was filed he is in danger of serious physical injury and that such injury is imminent and observing that vague and conclusory allegations are insufficient); *O'Connor v. Suwannee Corr. Inst.*, 649 F. App'x 802, 804 (11th Cir. 2016) (holding that a past threat of serious physical injury is insufficient to plead imminent danger); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 (3d Cir. 2001) (explaining that "[b]y using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred."); *Ball v. Allen*, No. 06-0496, 2007 WL 484547, at *2 (S.D. Ala. Feb. 8, 2007) (quotation marks and citation omitted) (finding that "a prisoner cannot create the imminent danger so as to escape the three strikes provision of the PLRA.").

In light of the foregoing, it is

ORDERED that:

1. Plaintiff's objections (Doc.7) are OVERRULED.

2. The Recommendation of the Magistrate Judge (Doc. 3) is ADOPTED.

3. This case is DISMISSED without prejudice for Plaintiff's failure to pay the filing and administrative fees upon initiation of this case.

A separate Final Judgment will be entered.

Done, this 24th day of February 2020

        /s/ W. Harold Albritton
       W. HAROLD ALBRITTON
       SENIOR UNITED STATES DISTRICT JUDGE