**UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT**

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

March 17, 2021

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 20-11489-JJ
Case Style: Brent Jacoby v. Lanier, et al
District Court Docket No: 2:19-cv-01067-WHA-CSC

**This Court requires all counsel to file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause. Non-incarcerated pro se parties are permitted to use the ECF system by registering for an account at www.pacer.gov. Information and training materials related to electronic filing, are available at www.ca11.uscourts.gov.** Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for writ of certiorari (whichever is later) via the eVoucher system. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call Tiffany A. Tucker, JJ at (404)335-6193.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Jeff R. Patch
Phone #: 404-335-6151

OPIN-1 Ntc of Issuance of Opinion

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-11489
Non-Argument Calendar
_____

D.C. Docket No. 2:19-cv-01067-WHA-CSC

BRENT JACOBY,

                                                                             Plaintiff - Appellant,

versus

OFFICER LANIER,
in his individual capacity,
CAPTAIN MCKEE,
in his individual capacity,
SGT. HALL,
in his individual capacity,
TERRENCE CALVIN,
Lt., in his individual capacity,
OFFICER CLAY,
in his individual capacity,

                                                                             Defendants - Appellees.

_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(March 17, 2021)

Before WILSON, JORDAN, and GRANT, Circuit Judges.

PER CURIAM:

Brent Jacoby, an Alabama prisoner incarcerated at Elmore Correctional Facility (Elmore), appeals the dismissal of his compliant filed pursuant to 42 U.S.C. § 1983. The district court denied Jacoby's request to proceed in forma pauperis (IFP) based on the "three strikes" rule imposed by 28 U.S.C. § 1915(g). The district court found that Jacoby previously filed three or more lawsuits that were dismissed as frivolous and concluded that Jacoby failed to show that he was in "imminent danger of serious physical injury." § 1915(g). On appeal, Jacoby contends that he did demonstrate imminent danger, and therefore the district court should have allowed him to proceed IFP.

I.

Jacoby claims that multiple prison officials at Elmore used excessive force against him and that he was in imminent danger of serious physical injury when he filed his complaint. More specifically, Jacoby claims that on November 20, 2020, Defendant Officer Lanier pepper-sprayed him and refused to decontaminate him in violation of the policies of the Alabama Department of Corrections (ADOC). The next day Officer Lanier punched Jacoby in the face and body. Jacoby claimed that he was in so much pain, he thought he broke his jaw. Two days later, Defendant Sergeant Hall kicked Jacoby, causing him to fall and injure his chest and ribs. That

2

same day, Defendant Officer Clay, who was annoyed by Jacoby's complaints, physically and verbally assaulted him. And after Sergeant Hall's alleged assault, Defendant Lieutenant Calvin pepper-sprayed Jacoby without provocation and refused to decontaminate him afterwards, in violation of the ADOC's policies. After being sprayed, Jacoby's eyes and face were burning, and he was barely able to breathe. He also states that his asthma put him at a higher risk of injury from the pepper spray. Jacoby claims that he reported the incidents and asked for protective custody multiple times but was not provided protection.

After these assaults, Jacoby was transferred to Kilby Correctional Facility (Kilby), where he allegedly suffered additional physical abuse.[1] At Kilby, he was placed on suicide watch and was also treated by medical personnel, who told him he had two broken ribs. About two weeks later, Jacoby was transferred back to Elmore. There, some of the Defendants continued to abuse him physically and verbally. Officer Lanier and Lieutenant Calvin also threatened Jacoby, telling him that he would not "walk out of prison alive" if he did not drop the suit. Despite Jacoby's repeated requests, no personnel at the prison took steps to protect him from this abuse.[2]

---

[1] Jacoby addresses this alleged abuse in a companion case, *Jacoby v. Young*, No. 20-12044, that is also pending in this court.

[2] Some of this information comes from Jacoby's objection to the magistrate judge's Report and Recommendation. We can consider allegations of imminent harm in documents other than the complaint—in deciding what documents we can consider we should ask "whether *some* timely filing avers facts suggesting a prisoner was under imminent danger of serious

On December 8, 2019, Jacoby filed his complaint alleging, inter alia, excessive force in violation of 42 U.S.C. § 1983.  A magistrate judge issued a Report and Recommendation (R&R) concluding that Jacoby was not eligible to proceed IFP as he had at least three previous appeals dismissed as frivolous or for failure to state a claim, and he did not sufficiently demonstrate he was "under imminent danger of serious physical injury" as required to overcome the three strikes rule under § 1915(g).  Jacoby filed a response objecting to the R&R.  Nonetheless, the district court accepted the R&R, finding that Jacoby could not proceed IFP.  This appeal followed.³

II.

We review a dismissal pursuant to § 1915(g) de novo.  *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008).  To consider whether a plaintiff may proceed

---

physical injury at the time he brought the complaint." *See Asemani v. U.S. Citizenship & Immigr. Servs.*, 797 F.3d 1069, 1074–75 (D.C. Cir. 2015) (quotation marks omitted and alteration adopted).

³ Initially it was unclear whether we had jurisdiction to hear this appeal.  The district court received Jacoby's initial notice of appeal on April 15, 2020—outside the thirty-day deadline for filing an appeal of the district court's order, which was entered on February 24, 2020.  However, the notice was dated March 9, 2020.  Under the "prison mailbox" rule, a prisoner's notice of appeal will be deemed timely if it is "deposited in the institution's internal mail system on or before the last day for filing and . . . accompanied by . . . a declaration . . . setting out the date of deposit and stating that first-class postage is being prepaid."  Fed. R. App. P. 4(c)(1).  And if a prisoner fails to include this declaration, we have discretion to "permit the later filing of a declaration." *Id.*

Jacoby did not file a declaration with his notice of appeal but filed a motion for leave to file a declaration pursuant to Fed. R. App. P. 4(c)(1)(B).  In his proposed declaration, Jacoby states, under penalty of perjury, that his notice of appeal was deposited in his prison's mail system on March 9, 2020.  We hereby grant his motion, and therefore his declaration is now part of the record on appeal.  Accordingly, we consider Jacoby's appeal to be timely filed.

IFP under § 1915(g), we look to the complaint as a whole, accept all the allegations therein as true, and construe it liberally. *See Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004); *see also Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam) (explaining that "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys" (emphasis omitted)).

### III.

Generally, a person who wishes to file a lawsuit in federal court must pay a filing fee before the case may move forward. 28 U.S.C. § 1914(a). If a prisoner is unable to pay the fee up front, however, the district court may allow that prisoner to pay in installments within his means and proceed IFP. *Id.* § 1915(a)–(b).

A prisoner's right to proceed IFP is limited by the "three strikes" rule, which provides:

> In no event shall a prisoner bring a civil action [IFP] . . . if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

*Id.* § 1915(g). On appeal, Jacoby does not challenge the district court's determination that he has three strikes under § 1915(g). Therefore, the sole issue before us is whether the district court correctly found that Jacoby failed to show "imminent danger of serious physical injury." *Id.*

A plaintiff with three strikes under § 1915(g) can proceed IFP if he is in "imminent danger of serious physical injury" at the time the complaint is filed. *Medberry v. Butler*, 185 F.3d 1189, 1192–93 (11th Cir. 1999). Thus, "a prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed [IFP]." *Id.* at 1193. However, a plaintiff's recount of past injuries can sometimes reveal an "ongoing pattern of acts" and a threat of future harm sufficient to meet the § 1915(g) standard. *Chavis v. Chappius*, 618 F.3d 162, 170–71 (2d Cir. 2010).

Jacoby adequately alleged that he was in imminent danger of serious physical injury. Although Jacoby's complaint and other filings are not models of clarity, he identifies the defendants by name and alleges past harms and threats of future harm specific enough to satisfy the imminent danger standard. Jacoby claimed that the officers at Elmore repeatedly assaulted him. Notably, he was assaulted on five separate occasions the week before he filed this suit, and the assaults continued once he returned to Elmore. He also claims that he repeatedly reported the officers for their wrongful conduct, but no other prison personnel intervened to protect him. And last, he claims that officers threatened to seriously harm him if he did not drop the suit. Accepting these allegations as true and construing them liberally and as a whole, we conclude that Jacoby meets the standard set out in § 1915(g). Therefore, we vacate the district court's order

dismissing Jacoby's complaint and remand this action for further proceedings. Jacoby's complaint was improperly dismissed, but we express no opinion as to the ultimate merits of Jacoby's claims.

**VACATED AND REMANDED.**